57 CCPA

**Application of Leo A. PAQUETTE.**

**Patent Appeal No. 8258.**

United States Court of Customs and Patent Appeals.

April 16, 1970.

George T. Johannesen, Kalamazoo, Mich., attorney of record, for appellant. Eugene O. Retter, Roman Saliwanchik, Kalamazoo, Mich., of counsel.

Joseph Schimmel, Washington, D. C. for the Commissioner of Patents. Leroy Randall, Jack E. Armore, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, AL-MOND, BALDWIN and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

LANE, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of product claims 7, 8, 10–12. 15–18 and 22 in appellant's patent application serial No. 210,196, filed July 16, 1962, entitled "Diazotricyclododecanes and Their Preparation." Three product claims have been allowed.

We affirm the board's decision.

### The Disclosure

The application discloses compounds of the following formulas: [1]

II

III

[A1591]

wherein $R_1$, $R_2$, $R_3$ and $R_4$ are selected from the group consisting of hydrogen, methyl, and ethyl; and $R_5$ contains from 1 to 12 carbon atoms, inclusive and is selected from the group consisting of alkyl, cycloalkyl, aralkyl, hydroxyalkyl, alkoxyalkyl, and $(alkoxy)_n$-aralkyl wherein n is an integer from 1 to 3.

Compounds of formula III are prepared by the photodimerization of a 2-pyridone of the formula:

[A1592]

wherein $R_1$, $R_2$, $R_3$, $R_4$ and $R_5$ are as set forth above.

Compounds of formula II are obtained by hydrogenation of compounds of formula III to saturate the 9, 11 double bonds of the latter.

### The Invention

Claims 7, 10 and 15 are illustrative of the claims on appeal.

7.  3, 7-diethyl-3, 7-diazatricyclo [4.-2.2.2$^{2, 5}$] dodecane-4, 8-dione.

10.  3, 7-diethyl-3, 7-diazatricyclo [4.2.2.2$^{2, 5}$] dodeca-9, 11-diene-4, 8-dione.

15.  2, 3, 6, 7—tetramethyl-3, 7-diazatricyclo [4.2.2.2$^{2, 5}$] dodeca-9, 11-diene-4, 8-dione.

Claims 22 and 8 correspond to claim 7 with propyl and isopropyl respectively

---

**t.** In formula 11, the positions on the molecule are designated by the numerals 1 to 12 in accordance with the claim nomenclature.

substituted for ethyl on the nitrogen while claims 11 and 12 bear the same relation to claim 10. Claims 16, 17 and 18 differ from claim 15 by the presence in the general formula III, supra, of a methyl substituent at $R_2$, $R_3$ and $R_4$, respectively, instead of $R_1$.

## The Prior Art

The sole reference is a published article by Taylor et al. (Taylor).[2] This reference refers to the investigation of the action of ultraviolet light on α, β-unsaturated lactams. As examples, it discloses that such treatment of N-methyl-2-pyridone and 2-Hpyridone produces dimers of the treated compounds. The dimer of N-methyl-2-pyridone is described as a solid having a specified melting point and its chemical composition, molecular weight and empirical formula ($C_{12}H_{14}N_2O_2$) are set out. Taylor also states that the α, β-unsaturated system present in the monomer is absent in the dimer and that the presence of isolated double bonds in the latter was confirmed by hydrogenation to a saturated derivative which is also defined by various properties including the empirical formula $C_{12}H_{18}N_2O_2$.

Taylor also states that "Determination of the dipole moment of the dimer as 0.07 D (in $HCCl_3$) clearly establishes" its structure as I below:

I, R = CH₃
II, R = H

[A1594]

As recognized by the examiner, the board and appellant, this structural formula is in error and the compound produced by

the photodimerization of N-methyl-2-pyridone is actually homologous to those claimed here. The correct structural formula thus differs from the 3, 7-diethyl-3, 7-diazatricyclo [4.2.2.2²,⁵] dodeca-9, 11-diene-4, 8-dione of appellant's claim 10 only by being 3, 7-dimethyl instead of "3, 7-diethyl-." The corresponding hydrogenated product of Taylor differed in the same manner from the 3, 7-diethyl-3, 7-diazatricyclo [4.2.2.2²,⁵] dodecane-4, 8-dione of appellant's claim 7. The error was noted in three articles published in 1961,[3] which articles were antedated by an affidavit under Rule 131.

## The Examiner

The examiner rejected the appealed claims as obvious in view of Taylor under 35 U.S.C. § 103. He held that appellant had only followed Taylor's teaching of the preparation of dimers wherein the nitrogen of the pyridone was substituted with either hyrdogen or methyl to prepare the next higher members of the series so far as the ethyl- and propyl-substituted products of claims 7, 8, 10–12 and 22 are concerned. He stated that the products of claims 15–18 merely substitute a methyl group on one of the carbons of the pyridone without showing any advantage or surprising difference. He stated that the utility of the compounds "is derived from the amine function of the molecule and is applicable to both the instant compounds and the Taylor compounds to the same degree."

## The Board

In agreeing with the examiner, the board commented that the Taylor disclosure of the dimerization of 2-pyridone and N-methyl-2-pyridone as examples of α, β-unsaturated lactams would render obvious to the person of ordinary skill the similar dimers of other α, 6-unsaturated lactams, particularly the carbon and nitrogen substituted homologues of said

2. Tetrahedron Letters, No. 25, pp. 1–3 (1960).

3. Taylor et al., J. Amer. Chem. Soc., Vol. 83, pp. 4484–4485 (1961); Ayer et al., Tetrahedron Letters, Sept. 1961, pp. 648–653; and Slomp et al. (Slomp, Paquette and MacKellar), J. Amer. Chem. Soc., Vol. 83, pp. 4472–4474 (Nov. 1961).

dimers similarly produced from the corresponding homologous starting materials." It further stated:

That the structure set forth in Taylor et al. is not accurate is not, in our opinion, here significant. If the products were described only in terms of the dimerization process for their preparation it is quite clear that the substitution of homologous reactants would be obvious to the organic chemist and the mere fact that the structure is inaccurately stated does not render less obvious the herein claimed homologous dimers which would be thus produced.

### Appellant

Appellant states that it was not known at the time his invention was made that Taylor actually produced compounds which were homologs of those claimed and that one skilled in the art wanting to produce a compound according to any of the rejected claims would have been taught nothing by Taylor. He urges that the Patent Office in its consideration of the process disclosed by Taylor, acted contrary to the statute by "judging the claimed inventions by how they were made."

As to claims 15–18, appellant states that the compounds claimed are not homologs of Taylor's dimers and that there accordingly is no presumption of obviousness.

### Opinion

■ We think that Taylor's disclosure of the production by photodimerization of 2-pyridone and N-methyl-2-pyridone as examples of α, β-unsaturated lactams would render it obvious to the person of ordinary skill in the art to provide similar dimers of other closely related α, β-unsaturated lactams. Since these two examples represent monomers having the nitrogen substituted with H and methyl, respectively, the continuation of the series to the extent of providing dimers of ethyl and propyl substituted monomers must be deemed obvious in the absence of any showing of unexpected properties. In like absence of a showing of unexpected properties, we also think it would be obvious to the person skilled in the art to provide dimers of an N-methyl-2-pyridone modified by the presence of a methyl substituent on one of the otherwise unsubstituted carbons of the ring. Since little could be more expected than that the resulting dimer would have two such substituents, that fact clearly does not detract from the obviousness of claims 15–18.

■■ The error in the structural formula does not void Taylor as an enabling disclosure of its dimerization products. The structural formula does not fully describe the compound. In re Papesch, 50 CCPA 1084, 315 F.2d 381, 137 USPQ 43. Other characteristics figure in the identification of the reference compounds, including the disclosure that they are the products of photodimerization of 2-pyridones and the various other properties specified in Taylor, of which the empirical formula and the melting point are worthy of particular mention.

Appellant, in urging that the Patent Office improperly judged the invention by relying on the process employed by Taylor, points to the provision of 35 U.S.C. § 103 that "Patentability shall not be negatived by the manner in which the invention was made." However, it is well known that this provision refers to how the applicant attained his invention, as whether by a sudden inspiration or by long research. It does not deal with the question of obviousness over the prior art, which is the sole issue here.

The decision is affirmed.

Affirmed.